Filed 10/20/15  P. v. Rey CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063320 |
| v. | (Super.Ct.No. RIF1406210) |
| RUBEN ANTHONY REY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Steven Counelis, Judge.  Affirmed.

Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Ruben Anthony Rey is serving four years in county jail and six years on mandatory supervision after pleading guilty to one count of selling methamphetamine and admitting two prior drug sales convictions, a prior prison term conviction and that he violated the terms of his mandatory supervision.  We affirm the judgment.

On December 23, 2014, the People filed a felony complaint in case number RIF1406210 and petition to revoke mandatory supervision in case number RIF1404545. The People alleged in count one that defendant unlawfully sold, transported, furnished, etc. methamphetamine in violation of Health and Safety Code section 11379, subdivision (a).[1] In count two the People alleged defendant possessed methamphetamine for sale in violation of section 11378. As to both counts, the People alleged had four prior drug sales convictions under section 11370.2, subdivision (a) and eight prior prison term convictions under Penal Code section 667.5, subdivision (b). Finally, the People alleged defendant, by his actions in counts 1 and 2, violated the terms of his mandatory supervision under Penal Code sections 1170, subdivision (h), and 1203.2, subdivision (b).

On February 5, 2015, defendant pled guilty to count 1, and admitted two prior drug sales convictions and one prior prison term conviction, all in case number RIF1406210. Defendant waived his right to appeal. In case number RIF 1404545, defendant admitted to violating the terms of his mandatory supervision.

At sentencing on that same date, the trial court sentenced defendant to ten years as follows: the mid-term of three years for count 1, plus three years consecutive for each of the two prior drug sales convictions, plus one year for the prison prior. The court ordered defendant to serve the first four years of the sentence in county jail and the last six years on mandatory supervision, pursuant to Penal Code section 1170, subdivision (h).

---

[1] All section references are to the Health and Safety Code unless otherwise indicated.

Regarding the violation of mandatory supervision, the court reduced the underlying conviction for violating section 11377 in that case from a felony to a misdemeanor under Penal Code section 1170.18 (Prop. 47) and resentenced defendant to 364 days in county jail, with credit for 182 days of actual time and 182 days of conduct time.

This appeal followed. The court denied defendant's request for a certificate of probable cause.

## DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

McKINSTER

J.

CODRINGTON

J.

4